**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| CLAUDE YOUNG, | * | |
| | * | |
| Petitioner | * | |
| | * | |
| v. | * | Civil Action No. PJM-07-775 |
| | * | Criminal Action No. PJM-05-179 |
| UNITED STATES OF AMERICA | * | (CM-ECF EXEMPT) |
| | * | |
| Respondent | * | |

oOo

**MEMORANDUM**

On April 10, 2007, the Court received correspondence from Claude Young, a federal inmate.[1] On April 20, 2007, the Court construed the pleading under 28 U.S.C. §2255, and granted Young thirty days to file a supplement on approved forms which direct Young to provide, *inter alia*: 1) all grounds for relief available to the moving party; 2) the facts supporting each ground; and 3) the relief requested. Young was directed to notify the Court within thirty days if he did not intend to proceed under § 2255. In addition, the Court apprized Young that if he failed to timely comply with the April 20, 2007 Order, his pleading would be ruled upon without further notice.

Young has not responded to the Order and as such the Court finds that he has failed to set forth any cognizable grounds for a 28 U.S.C. §2255 motion to vacate, set aside or correct or to indicate whether he wants to withdraw the motion. Accordingly, the Court will dismiss the motion without prejudice. Young is cautioned that if he intends to file a §2255 motion to vacate, a one-year

---

[1] On July 24, 2006, the Court sentenced Young to 120 months incarceration following his entry of a guilty plea to conspiracy to distribute and possess with intent to distribute controlled substances in violation of 21 U.S.C. §846.

limitations period applies from the date the judgment of conviction became final. Young should take care not to miss this deadline. A separate order follows.

|  |  |
|---|---|
| May 30, 2007 | /s/<br>PETER J. MESSITTE<br>UNITED STATES DISTRICT JUDGE |